No. 27,800.

P. L. COURTRIGHT, *Appellant*, v. LURA CAVERT, as Administratrix of
the Estate of H. O. Cavert, Deceased, *Appellee*.

(262 Pac. 587.)

SYLLABUS BY THE COURT.

1. ATTORNEY AND CLIENT—*Action for Compensation—Sufficiency of Evidence.*
   In an action for the recovery of compensation for legal services a verdict in
   favor of the defendant was returned by the jury and it is held that there
   was sufficient evidence to uphold the verdict.

2. SAME—*Action for Compensation—Evidence—Instructions.* Objections to the
   instructions of the court and to rulings on the admission of testimony con-
   sidered and held to be without material error.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opin-
ion filed January 7, 1928. Affirmed.

*Harold Medill,* of Independence, for the appellant.

*S. H. Piper* and *Thurman Hill,* both of Independence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: P. L. Courtright brought this action against
Lura Cavert as administratrix of the estate of H. O. Cavert, de-
ceased, to recover $500 for legal services rendered by plaintiff to
H. O. Cavert in his lifetime and at his instance and request. The
evidence was submitted to a jury and a verdict was returned in
favor of the defendant.

The plaintiff moved the court to set aside the special findings on
the grounds that they were unsupported by the evidence and were
given under the influence of passion and prejudice, but this motion
was overruled, and judgment entered for the defendant. Plaintiff
appeals and insists that the verdict and findings are unsupported by
the evidence, that erroneous instructions were given and others re-
quested by plaintiff were erroneously refused, and that errors were
committed in rulings upon the admission of evidence.

The principal contention was whether plaintiff was employed and
had served as an attorney in a case to be instituted, or that the rela-
tion was no more than an arrangement with him that he should act
as a receiver in the contemplated litigation. It appears that Herbert

Appeal and Error, 4 C. J. p. 969 n. 56. Attorney and Client, 6 C. J. pp. 763
n. 28, 764 n. 41. Trial, 38 Cyc. pp. 1693 n. 55, 1711 n. 19.

O. Cavert, who was in California in May, 1924, arranged with his attorney, Hal R. Clark, who resided in Los Angeles, to bring an action against certain parties in Kansas for the dissolution of a partnership in which Cavert had an interest and to obtain a winding up and settlement of its affairs. Clark wrote to the plaintiff in Independence, stating:

"I have got a matter I want to take up with you which, in order to be effective, will require the utmost secrecy at its inception, and which ought to produce a pretty lucrative fee for you if we proceed. I do not know whether you are tied up with Guernsey in any way which would prevent you from acting in this matter or not, but hardly think you are. If you are, you will kindly keep the contents of this letter to yourself until I have made other arrangements."

And then after stating some of the questions involved in the proposed litigation, Clark added:

"Now, it is my intention to institute an action on behalf of Herb, to dissolve the copartnership, and at the time this action is instituted I want to have a receiver appointed to take charge of all the property, and I want you to act as receiver if possible. There will be in the neighborhood of $300,000 to $400,000 property to be taken over, consisting of oil wells, gas wells, pipelines, tank farms, etc., together with a lot of undeveloped leases. I am writing you this letter to find out if your services will be available, and if you will be able, without too much trouble, to procure a bond. Let me hear from you at once if possible and keep the matter absolutely to yourself."

Plaintiff answered the letter at once, saying:

"There is nothing in the way so far as I am concerned. I will be in a position to handle the proposition, as I am not tied up in any way with Guernsey or Truby. I suppose part of the property is in the form of real estate, and the bond would not necessarily be as large as the amount of property involved. The court might not require any higher bond than sufficient to cover the money I might handle. I can give the required bond through the surety company."

About that time Keith and McGugin, of Coffeyville, were employed as attorneys to bring the proposed action. Shortly afterwards Cavert returned to Kansas and visited plaintiff in his office and discussed with him questions involved in the controversy. Testimony was produced that plaintiff made inquiries as to the facts in the case and interviewed witnesses from whom evidence might be obtained. Keith and McGugin prepared a complaint, and it was passed to plaintiff to be checked over, and he made suggestions of changes therein. It was filed in the federal court on June 25, 1924, but plaintiff's name was not signed to the complaint, nor was it at-

tached to any of the papers filed in the case.  Later the attorneys of record filed a lien for their fees, but plaintiff's name was not signed to the paper and no lien for an attorney's fee was ever filed by him. · No receiver was appointed in the case, and it was finally settled without a trial.  Plaintiff testified that he abandoned the plan of an appointment as a receiver, after which he assisted in the preparation of the pleadings in the action and also for trying it, and there was some testimony that Cavert had recognized that plaintiff was performing legal services and was entitled to compensation.

On behalf of defendant there was testimony by Lura Cavert, the administratrix of the estate of her husband, to the effect that after July 10, 1924, she heard a discussion between her husband and the plaintiff about the receivership, that plaintiff was to go to Coffeyville with her husband, and plaintiff then remarked that he could not be seen with Cavert or to be talking to him.  Further that Cavert must not come to his office so frequently as he had been coming, because if Mr. Piper or any of the opposite parties saw them together he would be disqualified for the receivership.  In order to avoid seeing Mr. Piper, the witness said they went around a corner on a certain route and got into plaintiff's car to go to Coffeyville.  An attorney's fee of $1,000 was paid to the attorneys of record in the action, but nothing was paid to plaintiff.  With their general verdict in favor of defendant the jury returned the following special findings:

"1. In regard to the case of H. O. Cavert in the federal court against George Guernsey, et al., did plaintiff perform certain services as a lawyer in connection with the bringing, filing and getting ready for the trial of the case?  A. No.

"2. Did plaintiff perform any services in regard to the settlement of said action?  A. No.

"3. Did H. O. Cavert, deceased, know that the plaintiff was performing the above-mentioned services for him?  A. No.

"4. Did H. O. Cavert, deceased, make any objection to plaintiff working on said case?  A. No.

"5. If you find for the plaintiff, what do you find the value of plaintiff's services sued upon to be?  A. None."

It devolved on the plaintiff to show that he was employed or had acted as an attorney under either an express or an implied contract. His right to a fee depends upon the fact of his employment.  Under the testimony stated it cannot be held that there was no evidence to support the findings and verdict.

Complaint is made of instructions given to the jury, upon testi-

mony given by attorneys as to the value of legal services of the kind in question, the court advised the jury that if plaintiff was entitled to recover, the measure of his recovery would be the fair and reasonable value of the services rendered. The court having stated in a previous instruction, about which there is no complaint, the elements which entered into the value of legal services, then added:

"In this connection you are instructed that you are not bound by the evidence of experts who have testified as to the value of said services, but that you shall give such evidence the consideration to which in your judgment it is fairly and reasonably entitled."

It is contended that the statement that the evidence of experts was not binding upon the jury, was an overstatement and was prejudicial in the case, in that the jury might infer that they might disregard that evidence. How could the jury have inferred that it could be disregarded when the court specifically told them that it was to be considered and be given such weight and credit as it was fairly entitled to when viewed in connection with all the other testimony in the case? Of itself the expert evidence was not conclusive. In *Epp v. Hinton,* 102 Kan. 435, 170 Pac. 987, it was held that:

"While the court should give due consideration to the opinions of experts and the evidence of other witnesses as to the value of legal services, it is not controlled by such evidence, as the court itself is an expert as to the value of attorneys' services and may apply its own knowledge and professional experience in determining the value of the services rendered." (Syl. ¶ 4.)

Moreover, the point is without materiality in the case, since it has been found that there was no employment and no liability to plaintiff for any amount.

Objection is made to another instruction which is:

"5. You are instructed that if you should find by the evidence that the plaintiff, P. L. Courtright, was not employed as an attorney but was to have the position of receiver if one had been appointed for the Southwestern Gas Company, then you are instructed that the plaintiff would not be entitled to recover in this case; the fact that he failed to become receiver would not give him a legal right to recover for attorney's services even though he may have performed some services incident to that of the legal profession in attempting to become receiver."

It is said to be incomplete and inappropriate in that it did not refer to a change of the relationship between the parties from employment as receiver to that of an attorney. We think there was no

error in the general instruction in view of the fact that the court had told the jury in effect that if the plaintiff had—

"Inquired into the law and facts applicable to a certain contemplated lawsuit and communicated the result of these investigations to the defendant, and nothing was said by either party with regard to the fee for said services, then there would be an implied contract between the parties, that plaintiff would be paid a fair and reasonable price or fee for said services."

If the plaintiff desired a more detailed charge in this respect he should have presented a request for it, but no such instruction was asked by him. An instruction was requested which was not given, and because of its refusal error is assigned, but so far as it was applicable to the case it was fairly covered by the instructions given.

There is complaint, too, of a ruling in the admission of evidence, but it was not upon a material matter and constitutes no ground of error.

The judgment is affirmed.